1  DEBRA ELLWOOD MEPPEN (SBN: 183885)
2  MARC HOLMQUIST (SBN: 258406)
   KIRAN SINGH (SBN: 252467)
   GORDON & REES LLP
3  633 West Fifth Street, 52nd Floor
   Los Angeles, CA 90071
4  Telephone: (213) 576-5000
   Facsimile: (213) 680-4470
5
   Attorneys for Defendant
6  C.T. AND F. INC.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  RAQUEL VILLALOBOZ                    )  CASE NO.
                                         )
12                    Plaintiff,         )
                                         )  **DEFENDANT C.T. AND F. INC.'S**
13       vs.                             )  **NOTICE OF REMOVAL OF**
                                         )  **ACTION PURSUANT TO 28 U.S.C.**
14  C.T. AND F. INC., a California       )  **SECTION 1446 (FEDERAL**
    Corporation; MAURICIO               )  **QUESTION)**
15  SARMIENTO, an individual; DALE       )
    MARTINEZ, an individual; and DOES 1  )  [Filed concurrently with Declaration
16  through 20 inclusive                 )  of Kiran Singh, Defendant's Notice of
                                         )  Compliance with 28 U.S.C. §1446(d),
17                    Defendants.        )  Certificate of Interested Parties, and
                                         )  Summons, Complaint, and C.T. and F.
18                                       )  Inc.'s Answer]
                                         )
19                                       )  [Los Angeles Superior Court Case No.
                                         )  BC547718; Complaint filed: 6/4/2014]
20                                       )

21

22  **TO THIS HONORABLE COURT, PLAINTIFF, AND HER ATTORNEYS**

23  **OF RECORD:**

24       **PLEASE TAKE NOTICE** that Defendant C.T. and F. Inc., a California

25  Corporation ("CT&F" or "Defendant"), by and through its undersigned counsel

26  and with full reservation of any and all defenses, objections, and exceptions,

27  contemporaneously with the filing of this Notice hereby effects removal of the

28  action captioned *Raquel Villaloboz v. C.T. and F. Inc., a California Corporation;*

**DEFENDANT C.T. AND F., INC.'S NOTICE OF REMOVAL**

*Mauricio Sarmiento, an individual; Dale Martinez, an individual; and Does 1through 20 inclusive,* Los Angeles County Superior Court Case No. BC547718 (the "Action"), from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. §§1331, 1343, 1441, and 1446 and, in support of removal, CT&F respectfully states the following grounds:

## I.   STATEMENT OF JURISDICTION

1.    This action is a civil action over which this Court has original jurisdiction based upon federal question pursuant to 28 U.S.C. §1331, and is therefore one that may be removed to this Court by CT&F pursuant to the provisions of 28 U.S.C. §1441, *et seq.*

2.    This action is a civil action over which this Court has original jurisdiction based upon Plaintiff's allegations of civil rights violations, pursuant to 28 U.S.C. §1343, and is therefore one that may be removed to this Court by CT&F pursuant to the provisions of 28 U.S.C. §1441, *et seq.*

## II.   VENUE

2.    The action was filed in the Superior Court of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California, Western Division, because it is the district court where the state court action is pending. *See* 28 U.S.C. §§84(c), 1391(a), 1441(a).

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§84(c)(2), 1391, and 1446.

## III.   STATUS OF THE PLEADINGS

4.    This lawsuit arises out of the employment of Plaintiff Raquel Villaloboz ("Plaintiff") by CT&F. On June 4, 2014, Plaintiff Raquel Villaloboz ("Plaintiff") filed her Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Raquel Villaloboz v. C.T. and F. Inc., a California Corporation; Mauricio Sarmiento, an individual; Dale Martinez, an individual;*

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-2-
**DEFENDANT C.T. AND F., INC.'S NOTICE OF REMOVAL**

1  *and Does 1 through 20 inclusive*, Los Angeles County Superior Court Case No.

2  BC547718 (the "Complaint"). True and correct copies of the Summons, and

3  Complaint are attached hereto as **Exhibit A** pursuant to 28 U.S.C. §§ 1446(a).

4      4.    The Complaint states the following claims for relief: (1) Retaliation

5  and Tortious Discharge in Violation of Public Policy and the Family and Medical

6  Leave Act; (2) Tortious Termination in Violation of Public Policy; (3) Violation of

7  California *Government Code* §12900, *et seq.*; (4) Disability and Medical Condition

8  Discrimination (California *Government Code* §12940(i)); (5) Violation of

9  California *Government Code* §12950; (6) Violation of Title VII of the Civil Rights

10  Act of 1964; (7) Violation of the Americans with Disabilities Act; (8) Violation of

11  the Age Discrimination in Employment Act; and (9) Intentional Infliction of

12  Emotional Distress.

13      5.    On June 13, 2014, Plaintiff personally served the Summons, and

14  Complaint on CT&F. *See* concurrently filed Declaration of Kiran Singh ("Singh

15  Decl.") at ¶2.

16      6.    On July 10, 2014, CT&F filed an Answer to the Complaint pursuant

17  to California *Code of Civil Procedure* §431.30 in the Superior Court of the State of

18  California, County of Los Angeles. A true and correct copy of CT&F's Answer is

19  attached hereto as **Exhibit B** pursuant to 28 U.S.C. §1446(a).

20      7.    To CT&F's knowledge, as of the date of this Notice of Removal, the

21  other named defendants have not been served with a copy of the Summons and

22  Complaint. *See* Singh Decl. at ¶3.

23      8.    To CT&F's knowledge, no other pleadings, process, or orders related

24  to this case have been filed with the Superior Court of the State of California,

25  County of Los Angeles. *Id.* at ¶4.

26  **IV.   NOTICE TO STATE COURT AND TO PLAINTIFF'S COUNSEL**

27      9.    Contemporaneously with the filing of this Notice of Removal in the

28  / / /

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

**DEFENDANT C.T. AND F., INC.'S NOTICE OF REMOVAL**

1  United States District Court for the Central District of California, written notice of
2  the removal will be served by the undersigned on Plaintiff's counsel of record,
3  Paul Orloff, Orloff and Associates, APC, 8402 Florence Avenue, Suite B1,
4  Downey, California 90240, and a copy of this Notice of Removal will be filed with
5  the Clerk of the Superior Court of the State of California, County of Los Angeles,
6  as required by 28 U.S.C. § 1446(d).

7  **V.    TIMELINESS OF REMOVAL**

8         10.    A notice of removal in a civil action must be filed within thirty (30)
9  days after service of the Summons and Complaint. 28 U.S.C. §1446(b); *see also*
10 *Murphy Bros., Inc. v Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)
11 (holding that the 30-day removal period begins to run upon service of the
12 Summons and Complaint). Here, Plaintiff served her Complaint on CT&F on June
13 13, 2014, and CT&F files the instant Notice of Removal on July 14, 2014. As such,
14 this Notice of Removal is timely.

15 **VI.   FEDERAL QUESTION**

16        11.    Plaintiff has asserted nine causes of action, three of which are brought
17 under federal law – specifically, Plaintiff has alleged violations of Title VII of the
18 Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age
19 Discrimination in Employment Act.

20        12.    Federal courts have original jurisdiction of all cases that arise under
21 federal law, 28 U.S.C. §1331, and of all civil actions authorized by law to be
22 commenced by any person to recover damages or to secure equitable or other relief
23 under any Act of Congress providing for the protection of civil rights, 28 U.S.C.
24 §1343(a)(4), and such cases are explicitly within this Court's removal jurisdiction.
25 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any
26 action which the district courts have original jurisdiction founded on a claim or
27 right arising under the Constitution, treaties, or laws of the United States).

28        13.    Such federal question jurisdiction exists where the complaint alleges a

*Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071*

1   violation of federal law as an essential element of a cause of action. *Cook Inlet*
2   *Region, Inc. v. Rude* (9th Cir. 2012) 690 F.3d 1127, 1130 ("A case arise[es] under
3   federal law within the meaning of §1331 . . . if a well-pleaded complaint
4   establishes either that federal law creates the cause of action or that the plaintiff's
5   right to relief necessarily depends on resolution of a substantial question of federal
6   law.").

7        14.   The operative trigger for whether a claim can be brought for violation
8   of a federal statute is whether the statute contains a private right of action. *Merrell*
9   *Dow Pharms. Inc. v. Thompson* (1986) 478 U.S. 804. Congress created express
10  private rights of action in the Civil Rights Act of 1964, the Americans with
11  Disabilities Act, and the Age Discrimination in Employment Act for citizens to
12  enforce the provisions of those Acts.

13        15.   Here, the Complaint alleges, on its face, violations of federal law.
14  Those claims under Title VII of the Civil Rights Act of 1964, the Americans with
15  Disabilities Act, and the Age Discrimination in Employment Act are founded on
16  those statutes' private rights of action for citizens. Defendant is also likely to assert
17  defenses arising under federal law in response to Plaintiff's federal claims. This
18  Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and the
19  State Court Action's removal under 28 U.S.C. §1441 is necessary and appropriate.

## VII.   ALL OF THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

22        16.   Pursuant to 28 U.S.C. §1441(a), venue is proper as this case may be
23  removed to the United States District Court for the Central District of California
24  since the case arose in Los Angeles County, California.

25        17.   As set forth above, CT&F timely removed within 30 days of initial
26  receipt of process. Removal is timely and proper pursuant to 28 U.S.C. §1446(b)
27  and Rule 6 of the Federal Rules of Civil Procedure.

28        18.   As required by 28 U.S.C. §1446(a), copies of "all process, pleadings,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   and orders served upon such defendant" regarding the state court action are

2   attached to this Notice of Removal as **Exhibit A**.

3          19.    A copy of this Notice of Removal is being filed with the Clerk of the

4   Superior Court of the State of California in and for the County of Los Angeles.

5          20.    A copy of this Notice of Removal will also be promptly served on

6   counsel for Plaintiff Raquel Villaloboz.

7   **VIII. CONCLUSION**

8          For the reasons described above, Plaintiff's claims are properly removable

9   under 28 U.S.C. §1441(a) and (b).

10

11  Dated:  July 14, 2014                          GORDON & REES LLP

12

13                                          By:

14                                                 Debra Ellwood Meppen
                                                   Marc Holmquist
15                                                 Kiran Singh
                                                   Attorneys for Defendant
16                                                 C.T. AND F. INC.

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
C.T. and F. Inc., a California Corporation; MAURICIO
SARMIENTO, an individiual; DALE MARTINEZ,
an individual; and DOES 1 through 20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RAQUEL VILLALOBOZ

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

JUN 04 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>111 N. Hill Street<br>Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):*<br>**BC547718** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul Orloff, Esq.                    Orloff & Associates APC
8402 Florence Avenue Suite B1       (562) 869-3034
Downey, California 90240

DATE:                              SHERRI R. CARTER   Clerk, by   *Judi Lara*                 , Deputy
*(Fecha)*                                          *(Secretario)* ————————————————— *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]

JUN 04 2014

3. ☒ on behalf of *(specify):* *C.T. and F.INC., a California Corporation*
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Villaloboz

1  Paul Orloff (SBN 216791)
   Orloff & Associates APC
2  8402 Florence Avenue Suite B1
   Downey, California 90240
3  Telephone (562) 869-3034
   Facsimile (562) 869-3539
4
   Attorney for Plaintiff
5  RAQUEL VILLALOBOZ

6

7

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUN 0 4 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES

10  RAQUEL VILLALOBOZ                          )  Case Number   BC 547718
                                               )
11          Plaintiff                          )
                                               )  COMPLAINT FOR DAMAGES
12       v.                                    )
                                               )
13  C.T. AND F. INC., a California Corporation;)  1. RETALIATION AND TORTIOUS
    MAURICIO SARMIENTO, an individual; DALE    )  DISCHARGE IN VIOLATION OF
14  MARTINEZ, an individual; and DOES 1 through)  PUBLIC POLICY AND FMLA;
    20 inclusive                               )
15                                             )  2. TORTIOUS TERMINATION IN
                                               )  VIOLATION OF PUBLIC POLICY
16          Defendants                         )

17                                                3. VIOLATION OF GOVERNMENT
                                                  CODE SECTION 12900 et seq;

18                                                4. DISABILITY AND MEDICAL
                                                  CONDITION DISCRIMINATION
19                                                (GOVERNMENT CODE SECTION
                                                  12940(i));
20
                                                  5. VIOLATION OF GOVERNMENT
21                                                CODE SECTION 12950;

22                                                6. VIOLATION OF TITLE VII OF THE
                                                  CIVIL RIGHTS ACTION OF 1964;
23
                                                  7. VIOLATION OF THE AMERICANS
24                                                WITH DISABILITIES ACT;

25                                                8. VIOLATION OF THE AGE
                                                  DISCRIMINATION IN EMPLOYMENT
26                                                ACT;

27                                                9. INTENTIONAL INFLICTION OF
                                                  EMOTIONAL DISTRESS.
28

                              COMPLAINT
                                  1

1    COMES NOW, Plaintiff RAQUEL VILLALOBOZ ("VILLALOBOZ") and states and alleges

2    her complaint against C.T. AND F. INC., a California Corporation, its employees MAURICIO

3    SARMIENTO, DALE MARTINEZ, and DOES 1 through 20 inclusive as follows:

4                              **I.  PARTIES AND RELATIONSHIPS**

5    1.      Plaintiff RAQUEL VILLALOBOZ (hereinafter "VILLALOBOZ") is, and at all times relevant

6    herein was, an individual living in the City of Los Angeles, County of Los Angeles, in the State of

7    California.  VILLALOBOZ was formerly known as Richard Leslie Brien and filed Administrative claims

8    under such name.  VILLALOBOZ has been medically diagnosed with and suffers from Gender

9    Dysphoria (also known as Gender Identity Disorder) and is identified herein by the female gender,

10   despite being born male.  At this time, VILLALOBOZ has a female gender presentation.

11   2.      Defendant C.T. AND F. INC. (hereinafter CT&F) is, and at all times mentioned herein was, a

12   Corporation organized under the laws of the State of California and which does business in the City of

13   Bell Gardens, Los Angeles County, California.  The business of CT&F is an electrical contractor

14   specializing in traffic signals and street lighting, with its principal place of business located at 7228

15   Scout Avenue, Bell Gardens, California 90201.

16   3.      Defendant MAURICIO SARMIENTO (hereinafter "SARMIENTO") is, and at all times relevant

17   was, an individual in the employ of CT&F as a Superintendent.  At all times relevant herein,

18   SARMIENTO was an employee and agent of Defendant CT&F, who acted in the course and scope of his

19   employment and/or in his individual capacity.

20   4.      Defendant DALE MARTINEZ (hereinafter "MARTINEZ") is, and at all times relevant was, an

21   individual in the employ of CT&F as a Foreman.  At all times relevant herein, MARTINEZ was an

22   employee and agent of Defendant CT&F, who acted in the course and scope of his employment and/or in

23   his individual capacity.

24   5.      Defendants DOES 1 through 20, inclusive, are sued herein under fictitious names, their true

25   names and capacities being unknown to Plaintiff.  When said names and capacities are ascertained,

26   Plaintiff, after obtaining leave of court, if necessary, will amend this Complaint to insert said their true

27   names herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

28   Defendants, whether individuals, corporate or partnership, all of which are unknown to Plaintiff at this

1  time, are intentionally or negligently responsible in some manner for the occurrences herein alleged, and

2  that Plaintiff's damages as herein alleged were proximately caused by their conduct.

3  6.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, there

4  existed and does now exist a unity of interest and ownership between each and every one of the

5  Defendants and DOES 1 through 20, inclusive, that the individuality and separateness of said

6  Defendants and its officers, managers and directors have acquiesced in and agreed and consented to and

7  ratified such conduct as herein alleged.  Plaintiff alleges, on information and belief, that Defendants, and

8  each of them, at all times mentioned herein, were authorized and empowered by each other to, and did,

9  act as the agent of each other; and each and all of the things herein alleged to have been done by each of

10 them, were done in the capacity of and as agent for each other.  To the extent such DOE defendants are

11 individuals, Plaintiff sues them in that capacity and alleges that they took the actions for the benefit of

12 themselves.

13                      II.  **GENERAL ALLEGATIONS**

14 7.      This is an action for damages to redress the deprivation of rights secured to Plaintiff by the

15 California Fair Employment and Housing Act (FEHA), Government Code §12940 et seq., Creating a

16 Hostile Workplace, Gender Discrimination, Sexual Orientation Discrimination, Discrimination based

17 upon Physical and Mental Disability, Age Discrimination, Wrongful Termination in Violation of Public

18 Policy, and Intentional Infliction of Emotional Distress.  At all times herein mentioned, the acts and/or

19 words constituting the discrimination, harassment and/or retaliation alleged herein occurred within one

20 year prior to the filing of VILLALOBOZ's administrative accusation and charges with the Department of

21 Fair Employment and Housing.  Plaintiff timely filed complaints against Defendants with the State of

22 California Department of Fair Employment and Housing ("DFEH"), in which she alleged FEHA

23 violations which are the subject of this Complaint.

24 8.      Further, the acts and/or words constituting the discrimination, harassment and/or retaliation

25 alleged herein violated federal law and VILLALOBOZ filed an administrative accusation and charges

26 with the Equal Employment Opportunity Commission (EEOC).  Plaintiff timely filed complaints against

27 Defendants with the United States Equal Employment Opportunity Commission, in which she alleged

28 EEOC violations which are the subject of this Complaint.

9.      Defendant CT&F has at all times material herein been an employer as defined within California Government Code §12926 et seq. and has conducted business within Los Angeles County, California.

10.     VILLALOBOZ began working at CT&F as an Electrical Apprentice on or about July 8, 2005 and advanced over the years in training and experience, becoming a Journeyman Electrician on or about August 25, 2009.

11.     VILLALOBOZ was most recently earning $38.40 per hour as a Journeyman Electrician when working for CT&F. VILLALOBOZ was employed at CT&F as a Journeyman electrician, performing excellent work and timely passing inspections within the required time constraints on all of her jobs. Despite Plaintiff's excellent work, Plaintiff was harassed, tormented, and discriminated against by SARMIENTO and MARTINEZ at CT&F.

12.     VILLALOBOZ suffers from Gender Dysphoria, which is a significant medical condition in which a person is significantly discontent with the sex which they were assigned with at birth and/or the gender role associated with that sex. VILLALOBOZ was diagnosed with Gender Dysphoria and was prescribed with medication to physically modify her body so that it better matched her female gender identity. VILLALOBOZ began a long-term treatment of her Gender Dysphoria in or about 2010, whereby VILLALOBOZ began her physical transformation from being a male to becoming female.

13.     There was no uniform attire required by CT&F at any time while VILLALOBOZ was working for CT&F. None of the attire which VILLALOBOZ wore became a work hazard and VILLALOBOZ was never warned that any of her attire was considered a work hazard. VILLALOBOZ wore gender neutral clothing while at work at CT&F and always appropriate for work as a Journeyman Electrician.

14.     As alleged herein, during the past several years and continuing to the present, Defendants, and especially Defendants SARMIENTO and MARTINEZ, subjected and exposed Plaintiff VILLALOBOZ to severe and pervasive harassment and discrimination in providing jobs to VILLALOBOZ based upon her appearance, her gender, her Gender Dysphoria, her sex, and her age. No aspect of VILLALOBOZ'S Gender Dysphoria interfered with her work at CT&F.

15.     VILLALOBOZ complained about the harassment and discrimination to the human resources department of CT&F, but to no avail. Defendant CT&F ratified and aided and abetted said harassment and discrimination and refused to investigate or take proper corrective action to stop the wrongful

COMPLAINT
4

1 | actions.

2 | 16.    From approximately July 2011 and continuing on nearly a daily basis until Plaintiff was

3 | terminated, SARMIENTO and MARTINEZ made negative, derogatory and discriminatory remarks and

4 | comments to Plaintiff, including:

5 |         a.    Commenting about Plaintiff's tattoos, as if there is something wrong with those types of

6 |               tattoo being on a man;

7 |         b.    Asking Plaintiff whether she still liked girls;

8 |         c.    Asking Plaintiff whether she was gay and liked boys;

9 |         d.    Commenting and deriding Plaintiff about the fact that she had permanent eyebrows;

10 |        e.    Commenting and deriding Plaintiff about her hair length;

11 |        f.    Commenting and deriding Plaintiff about her fingernail length, telling Plaintiff not to

12 |              break a nail and other similar comments;

13 |        g.    Commenting and deriding Plaintiff about the fact that she had a piercing in her upper lip.

14 | 17.    These comments made Plaintiff feel uncomfortable, self-conscious and made it difficult to work.

15 | 18.    Defendants each treated Plaintiff VILLALOBOZ as if there was something wrong with and

16 | socially indefensible with her female presentment.

17 | 19.    There were also jobs which required more people to do the job, but Plaintiff was required to

18 | perform the task with less than the required number of people.  Defendants then required Plaintiff to

19 | finish the jobs as if there were more people helping, unlike other crews. Defendants attempted to set

20 | Plaintiff up to fail, even though Plaintiff did not fail.

21 | 20.    On one or more occasions, Defendants counted hours against Plaintiff as if Plaintiff went over,

22 | even though third-party companies were negligent.

23 | 21.    These actions made it difficult for Plaintiff to work and to meet deadlines set by Defendants.

24 | These incidents caused an extreme amount of mental and emotional distress to VILLALOBOZ.  Plaintiff

25 | cried and still often cries.  Plaintiff suffers from depression as a result of Defendants' conduct and takes

26 | medication for the depression.

27 | 22.    In all respects, Plaintiff performed her job in a satisfactory and exemplary manner. Despite her

28 | excellent performance, Plaintiff was terminated based upon her disability, gender, sexual orientation and

1  age. CT&F harassed, discriminated against and then terminated Plaintiff knowingly in violation of

2  Plaintiff's rights.   SARMIENTO had no valid basis for harassing and discriminating against Plaintiff

3  and CT&F had no valid basis to fire Plaintiff.

4  23.      On or about August 1, 2012, CT&F hired Tony Ibarra as a Journeyman Electrician.  On or about

5  August 3, 2012, CT&F laid off VILLALOBOZ, purportedly due to a reduction in the amount of work.

6  The rationale provided by Defendants as to the reason for Plaintiff's termination was a pretext for

7  discrimination against VILLALOBOZ.

8                    III.   **FIRST CAUSE OF ACTION**

9     [Violation of the Fair Employment and Housing Act ("FEHA") Cal.Gov't Code §12920 et seq.

10    (Retaliation, Harassment, Discrimination, Failure to Prevent FEHA Violations, Failure to

11   Investigate Complaints of FEHA Violations Failure to Take Corrective Action in Response to a

12         Complaint of FEHA Violations and Termination) Against All Defendants]

13 24.      Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the

14 allegation in paragraphs 1 through 23, inclusive, of this Complaint as through fully set forth in their

15 entirety herein.

16 25.      Government Code §12920 et seq. provides that the public policy of California requires protection

17 of the right and opportunity of all persons to seek, obtain, and hold employment without discrimination

18 or abridgment on account of physical disability, mental disability, medical condition, genetic

19 information, sex, gender, gender identity, gender expression, age, and sexual orientation.  The practice of

20 termination of an employee, denying employment opportunity and discriminating in the terms of

21 employment based upon physical disability, mental disability, medical condition, genetic information,

22 sex, gender, gender identity, gender expression, age, and sexual orientation is unlawful for any employer

23 and against public policy.

24 26.      Plaintiff contends that Defendants' actions constituted a continuing course of conduct of

25 harassment based upon discrimination against Plaintiff's Gender Dysphoria, gender and gender identity,

26 sexual orientation, and age.  Further, Defendants' actions constituted a continuing course of conduct

27 creating a hostile environment, retaliation, failure to prevent FEHA violations, failure to investigate

28 harassment based upon gender, gender identity, sexual orientation and age, and failure to take corrective

1  action in response to complaints of FEHA violations, California Government Code §12940 et seq.

2  27.      Defendants violated the FEHA by committing acts, including but not limited to, subjecting

3  Plaintiff and other employees to harassment based upon physical disability, mental disability, medical

4  condition, genetic information, sex, gender, gender identity, gender expression, age, and sexual

5  orientation, thereby creating an extremely hostile atmosphere, and retaliation.  After being subjected to

6  the harassment based upon physical disability, mental disability, medical condition, genetic information,

7  sex, gender, gender identity, gender expression, age, and sexual orientation by Defendants, Plaintiff

8  objected to the harassment and requested that it stop and sought corrective action.  Defendants continued

9  with the said harassment and failed and refused to take corrective action despite the fact that Plaintiff

10  made numerous complaints and asked for corrective action.  In response to Plaintiff's repeated

11  complaints, Defendant CT&F ratified, condoned and permitted the harassment to continue.  Defendant

12  CT&F thereafter violated FEHA by terminating Plaintiff.

13  28.      In response to Plaintiff's complaints, Defendants retaliated against Plaintiff in terms and

14  conditions of her employment as set forth above.  Plaintiff should never have been subjected to these

15  violations, but Defendants failed to honor its legal duty to prevent violations from occurring and

16  providing a workplace free from discrimination, harassment and the other FEHA violations.  Similarly,

17  once Plaintiff had complained, Defendants failed to conduct any investigation and failed to take

18  corrective action, let alone to stop the harassment and FEHA violations and instead continued unabated.

19  29.      Defendants thereafter terminated Plaintiff based upon her physical disability, mental disability,

20  medical condition, genetic information, sex, gender, gender identity, gender expression, age, and sexual

21  orientation.  Plaintiff was terminated based upon her Gender Dysphoria, apparent gender, gender

22  transformation, sexual orientation and age.

23  30.      As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional

24  well-being has substantially suffered and will continue to suffer, Plaintiff has experienced and continues

25  to experience severe emotional distress, in an amount to be proven at trial.  Plaintiff alleges that she has

26  and will continue to suffer substantial losses in earnings, other employment opportunities, employment

27  benefits and other damages, the precise amounts to be proven at trial.

28  31.      Defendants' despicable conduct as described herein was malicious and oppressive and done with

1    a conscious disregard of Plaintiff's rights.  Defendants' acts were designed to humiliate and oppress

2    Plaintiff; and they had such effect.  The actions of Defendants were beyond that which are or should be

3    tolerated in a civilized society.  Thus, Plaintiff is entitled to punitive damages against all Defendants and

4    DOES 1 through 20 under California Civil Code §3294.

5                                  IV.  SECOND CAUSE OF ACTION

6                [Tortious Termination in Violation of Public Policy against CT&F]

7    32.    Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the

8    allegation in paragraphs 1 through 31, inclusive, of this Complaint as through fully set forth in their

9    entirety herein.

10   33.    At all times mentioned in this complaint, California Constitution Article I, Section 8 was in full

11   force and effect and was binding on defendants. This section requires defendants to refrain from

12   discriminating against any employee on the basis of physical disability, mental disability, medical

13   condition, genetic information, sex, gender, gender identity, gender expression, age, and sexual

14   orientation.

15   34.    Plaintiff believes and thereon alleges that her physical disability, mental disability, medical

16   condition, genetic information, sex, gender, gender identity, gender expression, age, and sexual

17   orientation were each a factor in defendants' refusal to promote her and Defendants decision to terminate

18   her.  Such discrimination is in violation of the public policy of the State of California as reflected in

19   California Constitution Article I, Section 8, and has resulted in damages and injury to plaintiff as alleged

20   herein.

21   35.    As a proximate result of defendants' willful, knowing, and intentional discrimination against

22   plaintiff, she has sustained and continues to sustain substantial losses in earnings and other employment

23   benefits.  As a direct, foreseeable, and proximate result of defendants' conduct, plaintiff has lost income,

24   employment, and career opportunities, and has suffered other economic loss in an amount that exceeds

25   $50,000, the precise amount of which will be proved at trial.

26   36.    As a proximate result of defendants' willful, knowing, and intentional discrimination against

27   plaintiff, she has suffered and continues to suffer humiliation, emotional distress, and mental and

28   physical pain and anguish, all to her damage in a sum according to proof.  As a direct, foreseeable, and

1   proximate result of defendants' outrageous conduct as alleged herein, plaintiff has suffered great anxiety,

2   embarrassment, anger, loss of enjoyment of life, and severe emotional distress in an amount that exceeds

3   $50,000, the precise amount of which will be proved at trial.

4   37.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and

5   with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting

6   to malice. Alternatively, defendants' despicable conduct was carried out in conscious disregard of

7   plaintiff's rights.  Employer's conduct was carried out by a managing agent, or an officer, a director, or a

8   managing agent of Employer had advance knowledge of the unfitness of its decision-maker and

9   employed her with a conscious disregard of plaintiff's rights and/or authorized and/or ratified her

10   conduct.  In light of defendant's willful, knowing, and intentional discrimination against plaintiff,

11   plaintiff seeks an award of punitive and exemplary damages in an amount  commensurate with each

12   defendant's wealth.

13   38.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is

14   presently unaware of the precise amount of these expenses and fees and prays leave of court to amend

15   this complaint when the amounts are more fully known.

16                          V.   **THIRD  CAUSE OF ACTION**

17            **[Violation of Government Code Section 12900 *et seq* Against all Defendant]**

18   39.    Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the

19   allegation in paragraphs 1 through 38, inclusive, of this Complaint as through fully set forth in their

20   entirety herein.

21   40.    On or about August 1, 2012, an opportunity to be promoted and/or for further employment arose,

22   which Plaintiff was qualified for the position.  Rather than promoting Plaintiff or providing Plaintiff

23   with the opportunity for the position, Defendants hired Tony Ibarra.

24   41.    Defendants failed and/or refused to promote plaintiff or give her a promotion because of her

25   femal gender presentation and gender dysphoria and instead gave the position to Tony Ibarra, a male

26   with lesser qualifications than Plaintiff.

27   42.    On information and belief, defendants have engaged in a pattern of refusing to promote qualified

28   females.  By their actions, Defendants do not like females working for them, especially out in the field.

1  For example, one female employee who was hired as an Apprentice Electrician was only assigned

2  menial tasks, such as setting up cones for lane closures.

3      43.    At all times herein mentioned, defendants employed five or more persons, and Government Code

4  sections 12900 *et seq.* were in full force and effect and were binding on defendants. These sections

5  require defendants to refrain from discriminating against any employee on the basis of gender, including

6  a prohibition against denial of promotional opportunity on such basis, among other things.

7      44.    Plaintiff is a member of a protected class within the meaning of the aforesaid Government Code

8  sections. At all material times hereto, Plaintiff satisfactorily performed her duties and responsibilities as

9  expected by defendants.

10      45.    Plaintiff believes and thereon alleges that her gender was a factor in defendants' actions

11  including discrimination as set forth hereinabove. Such discrimination is in violation of Government

12  Code section 12940 *et seq.* and has resulted in damage and injury to plaintiff as alleged herein.

13      46.    Within the time provided by law, plaintiff filed a complaint with the California Department of

14  Fair Employment and Housing, in full compliance with these sections and received and served a right-to-

15  sue letter.

16      47.    As a proximate result of defendants' willful, knowing, and intentional discrimination against

17  plaintiff, plaintiff has sustained and continues to sustain substantial losses in earnings and other

18  employment benefits.

19      48.    As a direct and proximate result of defendants' unlawful conduct, plaintiff has sustained and

20  continues to sustain physical injuries, pain and suffering, and extreme and severe mental anguish and

21  emotional distress; plaintiff has incurred and will continue to incur medical expenses for treatment, and

22  for incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in

23  amounts to be proven at trial.

24      49.    Defendants' conduct as described above was willful, despicable, knowing, and intentional;

25  accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to

26  proof.

27      50.    By reason of the foregoing, plaintiff has been left without an adequate remedy at law, and should

28  be entitled to appropriate injunctive relief from this Court ordering the Department to promote her into

1  the sought-after position forthwith, and with full back pay, back seniority and any other applicable

2  benefits of her employment which have been denied to her as a result of Defendant's unlawful and

3  discriminatory acts.

## VI.  FOURTH CAUSE OF ACTION

[Disability and Medical Condition Discrimination Against All Defendants (Government Code

Section 12940) Against All Defendants]

7  51.   Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the

8  allegation in paragraphs 1 through 50, inclusive, of this Complaint as through fully set forth in their

9  entirety herein.

10  52.   At all times mentioned in this complaint, Government Code section 12940(j) was in full force

11  and effect and was binding on defendants.  This subsection requires defendants to take all reasonable

12  steps necessary to prevent discrimination and harassment from occurring.  Further, Government Code

13  section 12940(i) prohibits any person to aid, abet, incite, compel, or coerce the doing of any of the acts

14  forbidden, or to attempt to do so.  As alleged above, defendants violated this subsection by failing to take

15  all reasonable steps necessary to prevent discrimination and harassment from occurring.

16  53.   Within the time provided by law, plaintiff filed a Complaint with the California Department of

17  Fair Employment and Housing and received a right-to-sue letter.

18  54.   The FEHA protects employees with mental and physical disabilities and with qualifying medical

19  conditions, as per California Government Code §§12940(a), 12926(d).  An employer may not

20  discriminate against an employee because the employee has a mental or physical disability or a medical

21  condition.

22  55.   Plaintiff's Gender Dysphoria is a mental disability and/or medical condition which is Protected

23  by FEHA California Government Code §12926(j)

24  56.   Defendants wrongfully harassed and discriminated against Plaintiff because of her mental

25  disability, specifically her Gender Dysphoria.  Moreover, Defendants terminated Plaintiff based upon her

26  Gender Dysphoria.

27  57.   As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer

28  humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum

1  according to proof.

2  58.    Defendants' conduct as described above was willful, despicable, knowing, and intentional;

3  accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to

4  proof.

5  59.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is

6  presently unaware of the precise amount of these expenses and fees and prays leave of court to amend

7  this complaint when the amounts are more fully known.

8                              VII.   <u>FIFTH CAUSE OF ACTION</u>

9               [Violation of Government Code Section 12950 Against All Defendants]

10  60.    Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the

11  allegation in paragraphs 1 through 59, inclusive, of this Complaint as through fully set forth in their

12  entirety herein.

13  61.    Defendants violated California Government Code section 12950 by failing to ensure a workplace

14  free of gender harassment, physical and mental disability harassment, harassment based upon one's

15  medical condition, sexual harassment, harassment based upon one's gender identity and expression,

16  harassment of one's sexual orientation and failing to follow the minimum requirements set forth in that

17  section, including but not limited to failing to post in a prominent and accessible location in the

18  workplace the DFEH poster relating to the illegality of such harassment and failing to distribute the

19  DFEH information sheet on such harassment or its equivalent to employees.

20  62.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer

21  humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum

22  according to proof.

23  63.    Defendants' conduct as described above was willful, despicable, knowing, and intentional;

24  accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to

25  proof.

26  64.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is

27  presently unaware of the precise amount of these expenses and fees and prays leave of court to amend

28  this complaint when the amounts are more fully known.

## VIII.   SIXTH CAUSE OF ACTION

**[Violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981a Against All Defendants]**

65.    Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the allegation in paragraphs 1 through 64, inclusive, of this Complaint as through fully set forth in their entirety herein.

66.    Plaintiff further claims for damages against Defendants for the violation of her rights under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e et. seq. and 42 U.S.C. § 1981a ("Title VII").  The actions by Defendants alleged herein violated Title VII.

67.    Defendant CT&F is an employer as Defined by 42 USC §2000e(b) by employing more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

68.    42 USC §2000e prohibits an employer from discharging any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's sex, gender, gender identity, and gender expression.

69.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.  Plaintiff is entitled to back pay with prejudgment interest and all the fringe benefits to which she is entitled

70.    Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

71.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## IX.   SEVENTH CAUSE OF ACTION

**[Violation of the Americans with Disabilities Act Against All Defendants]**

72.    Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the

1   allegation in paragraphs 1 through 71, inclusive, of this Complaint as through fully set forth in their

2   entirety herein.

3   73.   Plaintiff VILLALOBOZ brings this action under the Americans with Disabilities Act 42 USC

4   §§12101 et seq ("ADA").  The actions taken against Plaintiff were in violation of the Americans with

5   Disabilities Act.

6   74.   The ADA prohibits covered employer, such as Defendants, from discriminating against

7   employees who are qualified individuals with a disability.

8   75.   Plaintiff VILLALOBOZ was a qualified individual who suffered with a disability.  Plaintiff's

9   Gender Dysphoria is a disability which is an impairment that substantially limits one or more of

10   Plaintiff's major life activities.  The abilities of Plaintiff VILLALOBOZ as a Journeyman Electrician

11   were not impaired by Plaintiff's Gender Dysphoria.

12   76.   The actions of Defendants amounted to harassment and discrimination which created a hostile

13   work environment in violation of the ADA.

14   77.   Further, Defendants failed to provide Plaintiff with a reasonable accommodation for her mental

15   disability.  Reasonable accommodations for Plaintiff VILLALOBOZ would have been minor to CT&F,

16   if any accommodations were required.  Rather than providing work which would accommodate

17   Plaintiff's Gender Dysphoria, Defendants sent Plaintiff to menial jobs unfit for her position and skills.

18   Defendants also denied Plaintiff equal opportunity for employment as others for no reason other than

19   Defendants' apparent disgust with Plaintiff's Gender Dysphoria.  Moreover, Defendants decided to and

20   did terminate Plaintiff in violation of the ADA.

21   78.   As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer lost

22   wages and continued employment.  Plaintiff is entitled to back pay with prejudgment interest and all the

23   fringe benefits to which she is entitled.  Additionally, Plaintiff suffered humiliation, emotional distress,

24   and mental and physical pain and anguish, all to her damage in a sum according to proof.

25   79.   Defendants' conduct as described above was willful, despicable, knowing, and intentional;

26   accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to

27   proof.

28   80.   Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is

1  presently unaware of the precise amount of these expenses and fees and prays leave of court to amend
2  this complaint when the amounts are more fully known.

3  ## X. EIGHTH CAUSE OF ACTION

4  **[Violation of the Age Discrimination in Employment Act Against All Defendants]**

5  81.    Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the
6  allegation in paragraphs 1 through 80, inclusive, of this Complaint as through fully set forth in their
7  entirety herein.

8  82.    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 prohibits
9  discrimination against employees over the age of 40.

10  83.    Plaintiff VILLALOBOZ was born on November 3, 1970 and was 42 years old at the time of her
11  termination.

12  84.    Defendants discriminated against Plaintiff VILLALOBOZ based upon her age.  On or about
13  August 1, 2012, CT&F hired Tony Ibarra as a Journeyman Electrician.  On or about August 3, 2012,
14  CT&F laid off VILLALOBOZ, purportedly due to a reduction in the amount of work.  The rationale
15  provided by Defendants as to the reason for Plaintiff's termination was a pretext for age discrimination.

16  85.    Upon information and belief, Tony Ibarra was much less experienced and less qualified as a
17  Journeyman Electrician than was Plaintiff VILLALOBOZ.  Essentially, Tony Ibarra assumed Plaintiff
18  VILLALOBOZ's position at CT&F.

19  86.    Defendants had no valid reason to terminate Plaintiff VILLALOBOZ's employment.  Plaintiff's
20  age and Gender Dysphoria were motivating factors in CT&F's decision to terminate her employment.

21  87.    CT&F terminated Plaintiff VILLALOBOZ's employment on account of her medical condition
22  and thereby violated her right to equal employment opportunity as protected by Title VII.

23  88.    CT&F terminated Plaintiff VILLALOBOZ's employment on account of her age and thereby
24  violated her right to equal employment opportunity as protected by the ADEA.

25  89.  As a direct and proximate cause of his being terminated by CT&F, Plaintiff VILLALOBOZ has
26  suffered and will continue to suffer a substantial loss of earnings to which she otherwise would have
27  been entitled.  This includes, but is not limited to, the loss of her salary and fringe benefits.

28  90.    As a further direct and proximate cause of his being terminated by CT&F, Plaintiff

1  VILLALOBOZ has suffered damage to her reputation and harm to her career. She has also experienced

2  physical pain and suffering, mental anguish, and the loss of enjoyment of life's pleasures.

3  91.    CT&F acted willfully and in reckless disregard of Plaintiff VILLALOBOZ's rights under Title

4  VII and the ADEA by discharging her from employment on account of her age and medical condition.

<div align="center">

XI.  <u>NINTH CAUSE OF ACTION</u>

[Intentional Infliction of Emotional Distress Against All Defendants]

</div>

7  92.    Plaintiff VILLALOBOZ hereby realleges and incorporates by this reference each and all of the

8  allegation in paragraphs 1 through 91, inclusive, of this Complaint as through fully set forth in their

9  entirety herein.

10  93.    As described herein, Defendants' conduct toward Plaintiff was outrageous in that said conduct

11  was beyond all bounds of decency. Defendants subjected Plaintiff to this protracted harassment of her

12  gender dysphoria, her gender presentation and expression, her perceived sexual orientation and

13  discrimination based upon her physical disability, mental disability, medical condition, genetic

14  information, sex, gender, gender identity, gender expression, age, and sexual orientation during her

15  tenure with CT&F. All said actions are extreme and outrageous.

16  94.    As a direct and proximate result of Defendants' conduct, VILLALOBOZ has suffered and

17  continues to suffer severe emotional distress, humiliation, loss of sleep and mental anguish all to her

18  damage.

19  95.    Defendants' conduct, as set forth herein, was intentional and malicious and done for the purpose

20  of causing VILLALOBOZ to suffer humiliation, mental anguish and emotional distress.

21  96.    Defendants' conduct was done with knowledge that VILLALOBOZ's emotional and physical

22  distress would result and was done with wanton and reckless disregard of the consequences to Plaintiff

23  and was despicable, intentional and malicious and done for the purpose of causing VILLALOBOZ to

24  suffer humiliation, mental anguish and emotional distress.

25  97.    Plaintiff alleges that she has and will continue to suffer substantial losses in earnings, other

26  employment opportunities, employment benefits and other damages, the precise amounts to be proven at

27  trial.

28  98.    Plaintiff did not consent to any of the outrageous conduct. None of the conduct was privileged.

1  Defendants committed said acts by asserting their power over Plaintiff with regard to her employment,

2  compensations or other benefits.

3  99.    As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff's emotional

4  well-being has substantially suffered and will continue to suffer, Plaintiff has experienced and continues

5  to experience severe emotional distress, in an amount to be proven at trial.  Plaintiff alleges that she has

6  and will continue to suffer substantial losses in earnings, other employment opportunities, employment

7  benefits and other damages, the precise amounts to be proven at trial.

8  100.    Defendants' conduct was done with the knowledge that Plaintiff's emotional and physical

9  distress would as a result increase and was done with wanton and reckless disregard of the rights of

10  Plaintiff and the consequences to Plaintiff.  The aforementioned acts of Defendants were willful,

11  malicious and oppressive and justify an award of exemplary and/or punitive damages according to proof.

12  Defendants' despicable conduct as described herein acts were designed to humiliate and oppress

13  Plaintiff; and they had such effect.  The actions of Defendants were beyond that which are or should be

14  tolerated in a civilized society.  Thus, Plaintiff is entitled to punitive damages against all Defendants and

15  DOES 1 through 20 under California Civil Code §3294.

16                                            **PRAYER**

17      **WHEREFORE**, Plaintiff VILLALOBOZ prays for entry of judgment against Defendants, and

18  each of them, as follows:

19  1.    That Defendants be ordered to pay Plaintiff for Compensatory and General damages according to

20          proof at trial, which is in excess of $25,000;

21  2.    That Defendants be ordered to pay for back pay, front pay, and other Special Damages (Civil

22          Code §48(a)(4)(b));

23  3.    That Defendants be ordered to pay for Consequential Damages;

24  4.    That Defendants be ordered to pay for Emotional Distress Damages, pain and suffering, and loss

25          of enjoyment of life;

26  5.    For Reinstatement of Plaintiff to the position she held prior to her termination;

27  6.    That this Court award injunctive relief enjoining the violations of FEHA;

28  7.    That Defendants be ordered to pay for Nominal Damages;

8.   Compensatory damages for her non-economic injuries in an amount authorized by Title VII;

9.   That Defendants be ordered to pay for Punitive Damages pursuant to Civil Code 3294(a);

10.  That Defendants be ordered to pay for reasonable attorney fees;

11.  For a judicial declaration that the Defendant is liable under FMLA 29 USC §2617(a) for all past, present and future lost wages, employment benefits and other costs incurred by Plaintiff in connection with Plaintiff's termination of employment, including, without limitation, reasonable attorney fees;

12.  That this Court order Defendant CT&F to conduct training of its employees commensurate to compliance with FEHA;

13.  That Defendants be ordered to pay penalties, interest and any other remedies to Plaintiff pursuant to, without limitation, the California Government;

14.  That Defendants be ordered to pay Plaintiff Prejudgment interest at the legal rate;

15.  That Defendants be ordered to pay Plaintiff costs of suit incurred herein;

16.  For such other and further relief as the Court may deem proper; and

17.  For trial by jury on all issues so triable.

Dated: June 2, 2014

ORLOFF & ASSOCIATES APC

Paul Orloff, Attorney for Plaintiff RAQUEL
VILLALOBOZ

# EXHIBIT
# **B**

COPY

1    DEBRA ELLWOOD MEPPEN (SBN: 183885)
      MARC HOLMQUIST (SBN: 258406)
2    KIRAN SINGH (SBN: 252467)
      GORDON & REES LLP
3    633 West Fifth Street, 52nd Floor
      Los Angeles, CA 90071
4    Telephone: (213) 576-5000
      Facsimile: (213) 680-4470
5
      Attorneys for Defendant
6    C.T. AND F. INC.

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUL 10 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

7

8                SUPERIOR COURT OF CALIFORNIA

9         COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11    RAQUEL VILLALOBOZ             )    CASE NO. BC547718
                               )
12                 Plaintiff,    )    *[Assigned for all purposes to Hon. Maureen*
                               )    *Duffy-Lewis, Dept. 38]*
13         vs.                  )
                               )    **DEFENDANT C.T. AND F. INC.'S**
14    C.T. AND F. INC., a California Corporation; )    **ANSWER TO PLAINTIFF'S**
      MAURICIO SARMIENTO, an individual;  )    **COMPLAINT**
15    DALE MARTINEZ, an individual; and DOES 1)
      through 20 inclusive              )
16                                )
                     Defendants.    )
17                                )
                               )    *Complaint Filed: 6/4/2014*
18                                )
                               )
19                                )

20        Defendant C.T. AND F. INC. ("Defendant") hereby answers the unverified complaint of

21    Plaintiff RAQUEL VILLALOBOZ ("Complaint") as follows:

22                                 I.

23                      **GENERAL DENIAL**

24        Pursuant to California *Code of Civil Procedure* §431.30(d), Defendant denies generally

25    and specifically each and every cause of action contained in the Complaint, and each and every

26    allegation therein, and further denies that Plaintiff has been damaged in the amount or amounts

27    alleged therein, or in any other amount, or at all. With respect to each and every allegation and

28    cause of action contained in the Complaint, Defendant denies that Plaintiff has or will sustain

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

-1-

DEFENDANT C.T. AND F.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  any injury, damages, or loss, if any, by reason of any acts of omissions, fault or negligence on

2  the part of Defendant, or that Plaintiff is entitled to any relief whatsoever from Defendant.

3  <div align="center">II.</div>

4  <div align="center">**AFFIRMATIVE DEFENSES**</div>

5  Without conceding that it has the burden of proof on any of the following, Defendant sets

6  forth further, separate, distinct, and affirmative defenses as follows:

7  <div align="center">**FIRST AFFIRMATIVE DEFENSE**</div>

8  <div align="center">(Failure to State a Cause of Action)</div>

9  1.   The Complaint, and each and every purported cause of action contained therein,

10  fails to state facts sufficient to constitute any cause of action against Defendant for which relief

11  can be granted.

12  <div align="center">**SECOND AFFIRMATIVE DEFENSE**</div>

13  <div align="center">(Constitutionality)</div>

14  2.   Defendant alleges that any and all claims for punitive damages set forth in the

15  Complaint violate the Eighth and Fourteenth Amendments of the United States Constitution.

16  Furthermore, the assessment of punitive damages violates the United States and California

17  Constitutional requirements of due process of law.

18  <div align="center">**THIRD AFFIRMATIVE DEFENSE**</div>

19  <div align="center">(Workers Compensation Exclusivity)</div>

20  3.   Any and all claims by Plaintiff for damages for emotional, mental, and/or physical

21  distress or injury are preempted by the Workers' Compensation Act, California *Labor Code*

22  §3200, *et seq.*, as the alleged injuries arose as a result of and in the course and scope of her

23  employment. This Court lacks subject matter jurisdiction over Plaintiff's claims and/or lacks the

24  power to grant certain remedies which are within the exclusive province of the Workers'

25  Compensation Appeals Board.

26  <div align="center">**FOURTH AFFIRMATIVE DEFENSE**</div>

27  <div align="center">(Managerial Discretion)</div>

28  4.   Any and all decisions made and actions taken by and/or on behalf of Defendant

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  were made and taken in the exercise of proper managerial discretion, in good faith, and for valid

2  business reasons, and were unrelated to any protected activity or characteristic of Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

*(In Pari Delicto)*

5.      Defendant alleges that Plaintiff's claims are barred by reason of the fact that Plaintiff has engaged in acts and courses of conduct which render Plaintiff *in pari delicto.*

### SIXTH AFFIRMATIVE DEFENSE

(Legitimate Business Necessity)

6.      Defendant alleges that any recovery on the Complaint is barred in whole or in part on the grounds that any actions taken by Defendant were reasonable in response to legitimate business necessities, and such actions were taken for legitimate and non-discriminatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

(Lack of Knowledge)

7.      Defendant alleges that it lacked knowledge that Plaintiff was subject to harassment, discrimination, or retaliation as she has alleged.

### EIGHTH AFFIRMATIVE DEFENSE

(Privilege)

8.      Defendant alleges that any and all acts, conduct, and/or statements by Defendant and/or attributed to Defendant were justified, undertaken in good faith, and/or privileged.

### NINTH AFFIRMATIVE DEFENSE

(Third Party Liability)

9.      Defendant alleges that any alleged emotional, mental, and/or physical injury suffered by Plaintiff was proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendant, including the acts and omissions of Plaintiff herself.

### TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

10.     Defendant alleges that any damages otherwise recoverable by Plaintiff are barred and/or limited by Plaintiff's failure to exercise reasonable diligence in attempting to mitigate her

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA  90071*

**DEFENDANT C.T. AND F.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1 | alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.    Defendant is informed, believes, and based thereon alleges that Plaintiff is estopped by her conduct from recovering any relief by the Complaint or any purported cause of action alleged therein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12.    Defendant is informed, believes, and based thereon alleges that Plaintiff has waived her right to recover as set forth in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13.    Defendant alleges that Plaintiff is barred by the doctrine of unclean hands from maintaining this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

14.    Defendant alleges that Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

15.    Defendant alleges that Plaintiff's employer maintained policies prohibiting harassment, discrimination, and retaliation, and had in place an effective complaint procedure. Had Plaintiff made proper use of that procedure and had she complied with those policies, she could have avoided all or part of the damages claimed in this action. Accordingly, Plaintiff's claims are barred in whole or in part by the doctrine of avoidable consequences.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

16.    Defendant alleges that after-acquired evidence bars and/or limits the amount of

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-4-

DEFENDANT C.T. AND F.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  damages Plaintiff can recover on her claims, if any.

2  ### SEVENTEENTH AFFIRMATIVE DEFENSE

3  (Failure to Utilize Internal Preventive/Corrective Measures)

4  17.    Defendant alleges that exercised reasonable care to prevent and correct promptly

5  any sexually harassing behavior, including that it had in place, at all relevant times, an anti-

6  harassment policy and complaint procedure. Plaintiff unreasonably failed to avail herself of the

7  internal procedures for complaints of alleged harassment.

8  ### EIGHTEENTH AFFIRMATIVE DEFENSE

9  (Good Faith)

10  18.    Defendant alleges that at all times herein relevant, Defendant acted in good faith

11  and did not violate any rights Plaintiff may have had under federal, state, or local laws, rules,

12  regulations, and/or guidelines.

13  ### NINETEENTH AFFIRMATIVE DEFENSE

14  (Outside Course and Scope)

15  19.    Defendant alleges that the actions allegedly taken by a third party, if any, were

16  outside the course and scope of the employment by Defendant.

17  ### TWENTIETH AFFIRMATIVE DEFENSE

18  (Failure to Exhaust Administrative Remedies)

19  20.    Defendant alleges that Plaintiff's claims are barred in whole or in part by her

20  failure to properly and timely exhaust the administrative remedies set forth in the California Fair

21  Employment and Housing Act prior to commencing suit as required by California *Government*

22  *Code* §12965(b).

23  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

24  (Errors or Omissions of Third Parties)

25  21.    Defendant is informed, believes, and based thereon alleges that any and all of the

26  damages Plaintiff contends were caused by an act, error, omission, negligence, or breach of duty

27  on the part of Defendant were contributed to and/or caused by the acts, errors, omissions,

28  negligence, or breach of third parties. Accordingly, Plaintiff is barred from recovering any

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

**DEFENDANT C.T. AND F.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1  damages from Defendant.

Gordon & Rees LLP
633 West Fifth Street, 52ⁿᵈ Floor
Los Angeles, CA 90071

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Justified Decision Based Upon Performance)

22.    Defendant alleges that its decisions with respect to Plaintiff's employment were justified based upon its judgment of differences in individual performance, qualifications, skill, effort, experience, responsibility, merit, seniority, and/or other bona fide qualifications.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Violation of Plaintiff's Rights)

23.    Defendant alleges that it has taken no actions and made no omissions that violated or sought to violate any statutory or Constitutional right relating to Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Violations of Labor Code)

24.    Defendant alleges that each of Plaintiff's causes of action and claims for damages is barred because Plaintiff failed to use ordinary care and diligence, or exercise a reasonable degree of skill, in performing the terms and conditions of her employment, and failed to substantially comply with all directions concerning her employment, in violation of California *Labor Code* sections 2854, 2856, 2858, 2859, and 2865.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Perform Job Duties)

25.    Defendant alleges that each of Plaintiff's causes of action and claims for damages is barred because Plaintiff failed to perform her job duties pursuant to the terms and conditions of her employment in conformity with either the usage of the place of performance or as directed by her supervisors, as required by California *Labor Code* section 2857.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Frivolous Lawsuit)

26.    Defendant alleges that this suit is frivolous, unreasonable, meritless, vexatious, and/or without foundation and, as a result, that Defendant is entitled to recover costs and attorneys' fees from Plaintiff, and hereby seeks that recovery.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Protected Activity Not Known to Employer)

27.     To the extent that Plaintiff engaged in any protected activity or was a member of a protected class, it was not known to Defendant and in any event was not a motivating factor in any decision made with respect to Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Physical Disability)

28.     Plaintiff did not and does not suffer from a physical disability.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Essential Functions)

29.     Any recovery is barred because Plaintiff was unable to carry out the essential duties of employment, with or without reasonable accommodation.

## THIRTIETH AFFIRMATIVE DEFENSE

(Interactive Process)

30.     Defendant at all times engaged in an interactive process with Plaintiff to identify appropriate accommodation for Plaintiff's alleged disability, if any.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Plaintiff is Not a Qualified Employee)

31.     Plaintiff is not a qualified individual with a disability or handicap as defined by the Rehabilitation Act of the Americans with Disabilities Act and applicable state and federal regulations.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Reasonable Accommodation Not Requested)

32.     The relief prayed for in the Complaint is barred because Plaintiff never requested a "reasonable accommodation" as defined under the FEHA, California Government Code section 12926(n).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Reasonable Accommodation Not Practicable; Undue Hardship)

-7-

1    33.    The relief prayed for in the Complaint against Defendant is barred because no

2 "reasonable accommodation" as defined under the FEHA, California *Government Code*

3 section 12926(n), was practicable or available to Plaintiff, or any accommodation would have

4 resulted in an "undue hardship," as defined under the FEHA, California *Government Code*

5 section 12926(s), to Defendant.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Pre-Existing Condition)

8    34.    The injuries or damages alleged by Plaintiff, if any, were the result of pre-existing

9 conditions that are unrelated to any conduct of Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Mixed Motive)

12    35.    Defendant alleges that, if any unlawful discriminatory motive existed in

13 connection with any employment decision involving Plaintiff (which it denies), any and all

14 claims for damages are nevertheless barred because such employment decision would have been

15 made even without any such unlawful discriminatory motive.

16    Defendant presently has insufficient knowledge or information upon which to form a

17 belief as to whether it may have additional, as yet unstated, affirmative defenses available.

18 Defendant hereby gives notice that it intends to rely upon any additional affirmative defenses

19 that become available or apparent during discovery, and thus reserves the right to amend this

20 Answer to assert such additional defenses as discovery proceeds.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

DEFENDANT C.T. AND F.'S ANSWER TO PLAINTIFF'S COMPLAINT

1    WHEREFORE, Defendant prays for the following relief:

2    1.    That Plaintiff take nothing by reason of her Complaint and that this action be

3    dismissed in its entirety and with prejudice;

4    2.    That judgment be entered in favor of Defendant, on all claims;

5    3.    That Defendant recover its costs of suit incurred herein as well as attorneys' fees

6    to the extent permitted by law; and

7    4.    That Defendant be awarded such other and further relief as the Court may deem

8    just and proper.

9

10   Dated: July 10, 2014                          GORDON & REES LLP

11

12                                          By: _____

13                                               Debra Ellwood Meppen
                                                 Marc Holmquist
14                                               Kiran Singh
                                                 Attorneys for Defendant
15                                               C.T. AND F. INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1094542/20059542v.1

DEFENDANT C.T. AND F.'S ANSWER TO PLAINTIFF'S COMPLAINT

RAQUEL VILLALOBOZ v. C.T. AND F. INC., et al.
*LOS ANGELES COUNTY SUPERIOR COURT CASE NO.:BC547718*

<div style="text-align:left; font-style:italic; font-weight:bold; writing-mode: vertical-rl;">
Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
</div>

| | |
|---|---|
| 1 | <div align="center">PROOF OF SERVICE</div> |
| 2 | I am a resident of the State of California, over the age of eighteen years, and not a party |
| 3 | to the within action.  My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071.  On **July 10, 2014**, I served the within documents: |
| 4 | **DEFENDANT C.T. AND F. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

5   ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

6   ☐ by personally delivering the document(s) listed above to the person(s) at the

7   address(es) set forth below.

8   ☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at , addressed as set forth

9   below.

10

11   Paul Orloff, Esq.
     ORLOFF & ASSOCIATES APC
12   8402 Florence Avenue Suite B1
     Downey, CA 90240
13   Tel.: 562-869-3034
     Fax: 562-869-3539
14   *Attorneys for Plaintiff*
     *RAQUEL VILLALOBOZ*

15

16   I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

17   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

18   meter date is more than one day after the date of deposit for mailing in affidavit.

19   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20   Executed on **July 10, 2014**, California.

21

22   *Frances Perez*
     Frances Perez

23

24

25

26

27

28

HCCG/1097487/20099882v.1

PROOF OF SERVICE

## PROOF OF SERVICE

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA  90071.  On July 14, 2014, I served the within documents:

**DEFENDANT C.T. AND F. INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1446 (FEDERAL QUESTION)**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Paul Orloff, Esq.
Orloff & Associates APC
8402 Florence Avenue, SuiteB1
Downey, CA 90240
Tel: (562) 869-3034
Fax: (562) 869-3539
*Attorneys for Plaintiff*
*Raquel Villaloboz*

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on July 14, 2014, at Los Angeles, California.

_____
Frances Perez

-1-